UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON PETTIS,<br><br>      Plaintiff,<br><br>  v.<br><br>MIDDLESEX COUNTY, *et al.*,<br><br>      Defendants. | Civil Action No. 22-5121 (JXN)(CLW)<br><br>**OPINION** |

**NEALS**, District Judge

  Before the Court is *pro se* Plaintiff Jason Pettis's ("Plaintiff") civil rights Complaint ("Complaint), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* (ECF No. 1-1). Based on his affidavit of indigence (ECF No. 1-1), the Court grants him leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint.

  The Court must now review Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's claims are dismissed for failure to state a claim on which relief may be granted.

**I.  BACKGROUND**

  The Court construes the factual allegations of the Complaint as true for the purposes of this screening only. On or about August 19, 2022, Plaintiff, and inmate confined at East Jersey State Prison, in Rahway, New Jersey, filed his Complaint in this matter. (*See* ECF No. 1.) The Complaint

raises a conditions of confinement claim against Defendants Middlesex County and Middlesex Water Company. (*See id.*)

Plaintiff submits that Defendant Middlesex Water Company is the supplier of water to East Jersey State Prison. (*Id.* at 2.) The Complaint alleges that on August 2, 2021, it was discovered that the "water is contaminated with elevated levels of [P]erfluorooctanoic Acid." (*Id.*) Plaintiff submits that Perfluorooctanoic Acid "causes health problems such as [b]lood serum cholesterol levels, liver, kidney, immune system, or in males reproductive problems." (*Id.*) Plaintiff claims he was deprived his constitutional rights and may have suffered irreparable harm as a result of consuming contaminated water. (*Id.* at 2-3.)

Plaintiff seeks compensatory and punitive damages.

## II.   STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In*

2

*re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III. DISCUSSION

Plaintiff's Complaint asserts Defendants Middlesex County and Middlesex Water Company are liable to him under 42 U.S.C. § 1983 based on claims regarding contaminated water supply at East Jersey State Prison. (*See generally* ECF No. 1.) A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48

3

(1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Here, the Court construes Plaintiff's Complaint to allege claims for relief against Defendants Middlesex County and Middlesex Water Company.

### A. Failure to State a Claim

#### *1. Supervisor Liability Claim*

The Court construe the Complaint as raising an Eighth Amendment conditions of confinement claim against Middlesex County based on supervisor liability. Plaintiff alleges that on August 2, 2021, it was discovered that the water supply to Middlesex County, where East Jersey State Prison is located, was contaminated with elevated level of Perfluorooctanoic Acid. (ECF No. 1 at 2.) Plaintiff alleges that Perfluorooctanoic Acid "causes health problems such as [b]lood serum [c]holesterol levels, liver, kidney, immune system or in males reproductive problems." (*Id.*)

"The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones and it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). "The Eighth Amendment imposes duties on prison officials to 'provide humane conditions of confinement' and 'ensure that inmates receive adequate food, clothing, shelter, and medical care.'" *Barndt v. Wenerowicz*, 698 F. App'x 673, 676–77 (3d Cir. 2017) (quoting *Farmer*, 511 U.S. at 832). Specifically:

4

> To establish an Eighth Amendment conditions of confinement claim, [Plaintiff] must show that (1) the deprivation alleged was objectively, 'sufficiently serious' such that the prison officials' acts or omissions resulted in the denial of 'the minimal civilized measure of life's necessities'; and (2) that the prison officials exhibited a 'deliberate indifference' to his health and safety.

*Id.* at 677 (quoting *Farmer*, 511 U.S. at 834).

Before reaching whether Plaintiff's allegations sufficiently state a plausible conditions of confinement claim, there is another issue determinative of whether Plaintiff has sufficiently stated a conditions of confinement claim. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987). The liability of a municipality, like Middlesex County, under 42 U.S.C. § 1983 is governed by *Monell v. Department of Social Services*, 436 US. 658 (1978). Middlesex County may not be found liable simply because it employs wrongdoers. *See id.* at 691-92; *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583 (3d Cir. 2003). Instead, Plaintiff must assert facts showing that the County had a relevant policy or custom, and that the policy or custom caused a violation of Plaintiff's constitutional rights. *See Natale*, 318 F.3d at 583-84; accord *Jiminez v. All American Rathskeller, Inc.*, 503 F. 3d 247, 249 (3d Cir. 2007) (stating that a plaintiff must show a "direct causal link between a . . . policy or custom and the alleged constitutional deprivation.") (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

Here, Plaintiff fails to allege any facts regarding a Middlesex County policy that caused a violation of Plaintiff's constitutional rights. Rather, Plaintiff makes a vague allegation that Defendant Middlesex County is responsible "by employing or allowing the custom, practice, procedure or policy coupled with an abdication of responsibilities and duties which has resulted in [P]laintiff being exposed to contaminated water." (ECF No. 1 at 3.) The Complaint is devoid of

any facts regarding the alleged "custom, practice, procedure, or policy" that Plaintiff's refers to. As such, Plaintiff has failed to state a claim for relief against Middlesex County and the Complaint is dismissed without prejudice against this Defendant.

### *2. State Actor*

Plaintiff names Middlesex Water Company as a Defendant and alleges that "by employing or allowing the custom, practice, procedure, or policy coupled with an abdication of responsibilities and duties which has resulted in [P]laintiff being exposed to contaminated water which has elevated levels of Perfluorooctanoic Acid[,] which was discovered on [August 2, 2021.]" (ECF No. 1 at 3-4.)

Plaintiff is required to allege the violation of a right secured by the Constitution or laws of the United States, which was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (ed Cir. 1994.) "The deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Even when taken as true in the light most favorable to Plaintiff, the Court cannot reasonably draw any inferences that the Middlesex Water Company is an individual acting under color of state law. Plaintiff alleges only that Defendant Middlesex Water Company is a supplier of water to East Jersey State Prison. A "private firm does not become a state actor by selling its products to the government." *Steading v. Thompson*, 941 F.2d 498, 499 (7th Cir.1991) (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 840-41 (1982)); *see also Quinn v. Tritt*, No. 18-632, 2019 WL 517631, at *6 (M.D. Pa. Jan. 7, 2019) (finding Schuylkill County Municipal Water Authority did not constitute a prison official responsible for maintaining or overseeing Plaintiff's conditions of confinement.);

*see also Slaughter v. Rogers*, No. 07-2163, 2008 WL 2230193, at *3 (D.N.J. May 28, 2008) (noting that several courts have held "that tobacco manufacturers are private entities, and that the mere sale of their products in state penal institutions does not transform them into state actors acting under the color of state law .") Defendant Middlesex Water Company's supplying East Jersey State prison with water does not make it a state actor, nor does Plaintiff allege that Middlesex Water Company is a state actor. As such, Plaintiff has failed to state a claim for relief against Middlesex Water Company and the Complaint is dismissed without prejudice against this Defendant.

## IV. CONCLUSION

For the reasons set forth above, the Complaint is dismissed without prejudice.[1] The Court shall give Plaintiff thirty (30) days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

Dated: December 19, 2022

JULIEN XAVIER NEALS
United States District Judge

---

[1] Because the Court dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over any potential state law claim Plaintiff may have been attempting to bring. *See* U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction.")

7